BRIAN E. LAHTI (16290)
blahti@LHlitigation.com
LAHTI HELFGOTT LLC
299 S. Main St., Suite 1300
Salt Lake City, UT 84111
Telephone: 650.390.4075

Attorneys for Defendants VIP PARCEL, LLC,
SNEZHANA BOGATIN and DAVID BOGATIN

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| INTERNATIONAL BRIDGE, INC.<br><br>Plaintiff,<br>v.<br><br>VIP PARCEL, LLC, DAVID S. BOGATIN, SNEZHANA BOGATIN, and DOES 1 through 10 inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. 23-cv-695<br><br>District Judge ______________<br>Magistrate Judge ____________ |

Pursuant to 28 United States Code Sections 1332, 1441, and 1446, Defendants, VIP PARCEL, LLC ("VIP"), SNEZHANA BOGATIN ("S. Bogatin") and DAVID S. BOGATIN ("D. Bogatin"; and together with S. Bogatin, the "Bogatins"), through their counsel of record, LAHTI HELFGOTT LLC, hereby remove the above captioned action from the Fourth District Court, Utah County, State of Utah to the United States District Court for the District of Utah. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## RELEVANT FACTS

1. On August 22, 2023, International Bridge, Inc. ("Plaintiff") initiated the action captioned *International Bridge, Inc. v. VIP Parcel, LLC et. al.*, in the Fourth District Court, Utah County, State of Utah, Case No. 230401852 ("State Court Action"). [*See* Complaint, attached as Exhibit "1".][1]

2. On August 29, 2023, the State Court Action was transferred to the American Fork Department for the Fourth District Court, Utah County, State of Utah, and was reassigned Case No. 230100195. [*See* Ruling Order of Transfer, attached as Exhibit "5".]

2. The Complaint asserts an alleged claim for breach of contract (First Cause of Action) against VIP and an alleged claim of unjust enrichment against all Defendants (Second Cause of Action), and an alleged claim of alter ego liability / piercing the corporate veil (Third Causes of Action) against the Bogatins. [*See* Complaint, Ex. 1.]

3. On September 18, 2023, Plaintiff served the Complaint on VIP and the Bogatins at VIP's principal place of business in Pennsylvania. [*See* Proof of Service on VIP, attached as Exhibit "2"; Proof of Service on D. Bogatin, attached as Exhibit "3"; Proof of Service on S. Bogatin, attached as Exhibit "4".]

5. VIP is a Pennsylvania limited liability company with its principal place of business in Pennsylvania. [Complaint, ¶ 2, Ex. 1.] S. Bogatin is the President and sole member of VIP. [*See* Declaration of S. Bogatin ("S. Bogatin Decl."), ¶ 2,; Complaint, ¶ 2, Ex. 1.]

6. The Bogatins are Pennsylvania citizens and domiciled in Pennsylvania. [S. Bogatin Decl., ¶ 1; Declaration of D. Bogatin ("D. Bogatin Decl.), ¶ 2; Complaint, ¶¶ 3-4, Ex. 1.]

7. Plaintiff is a Utah corporation with its principal place of business in Provo, Utah. [Complaint,

---

[1] Notably, on August 18, 2023, the Plaintiff commenced an identical federal court action in the District of Utah, captioned *International Bridge, Inc. v. VIP Parcel, LLC, et al.*, case no. 2:23-cv-00538-BSJ, *but without naming the Bogatins as defendants*, only to dismiss it several days later.

¶ 1, Ex. 1.]

8. In the Complaint, Plaintiff asserts damages in the amount of "$694,907.67." [Complaint, ¶ 29, Ex. 1.]

9. All three Defendants consent to this removal. [S. Bogatin Decl., ¶ 3; D. Bogatin Decl., ¶ 3.] However, the Bogatins do not consent to personal jurisdiction in Utah, and plan to file a motion to dismiss the claims against them under Rule 12(b) based on, *inter alia*, lack of personal jurisdiction and failure to state a claim on which relief can be granted. [S. Bogatin Decl., ¶ 4; D. Bogatin, ¶ 4.]

10. In accordance with 28 United States Code subsection 1446(a), a copy of the "process, pleadings, and orders served upon" Defendants in the State Court Action and a current copy of the State Court Action docket sheet are attached as Exhibits 1-6. *See* 28 U.S.C. § 1446(b)(1).

**TIMELINESS OF REMOVAL**

Removal is timely because this Notice of Removal is filed within 30 days of Defendants being served with the summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

**PROPRIETY OF VENUE**

Venue is proper because the state court where the suit has been pending is in this district. *See* 28 U.S.C. § 1441(a).

**BASIS OF REMOVAL**

Pursuant to 28 United States Code sections 1332, 1441, and 1446, removal of a state civil action to federal court is proper "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *see also* 28 U.S.C. §§ 1441(b), 1446(c).

Here, Plaintiff alleges damages in the amount of $694,907.67. [*See* Complaint, ¶ 29, Ex. 1.] That amount exceeds the $75,000 jurisdictional threshold to assert diversity jurisdiction. *See* U.S.C. § 1332(a).

Complete diversity exists here too. For purpose of diversity jurisdiction, citizenship of a limited liability company is determined by the citizenship of each of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see also Siloam Springs Hotel L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). While a corporation is considered a citizen of both its state of incorporation and the state where it has its principal place of business. *See Hertz Corp. v. Friend*, 599 U.S. 77, 77 (2010).

Here, complete diversity exists. Plaintiff is a citizen of Utah because it is incorporated in Utah and its principal place of business is in Utah. [*See* Complaint, ¶ 1, Ex. 1.] All three defendants are citizens of Pennsylvania. The Bogatins are Pennsylvania citizens and domiciled in Pennsylvania. [S. Bogatin Decl., ¶ 1; D. Bogatin Decl., ¶ 2; Complaint, ¶¶ 3-4, Ex. 1.]. VIP is also a citizen of Pennsylvania as its sole member is a Pennsylvania citizen. [S. Bogatin Decl., ¶ 2.] Thus, this matter is between citizens of different states, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

A Notice of Removal to Federal Court will be filed in the State Court Action and served on Plaintiff.

Dated: October 2, 2023

LAHTI HELFGOTT LLC

By: */s/ Brian E. Lahti*
Brian E. Lahti
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of LAHTI HELFGOTT LLC, 299 South Main Street, Suite 1300, Salt Lake City, Utah 84111, and that a true and correct copy of the foregoing NOTICE OF REMOVAL was delivered to the following this 2nd day of October, 2023, by the Court's ECF system and/or electronic mail on the following:

Greg M. Saylin (9648)
J. Derek Kearl (10738)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
gmsaylin@hollandhart.com
jdkearl@hollandhart.com

By: *\/s/ Brian E. Lahti*