# Exhibit "1"

Greg M. Saylin (9648)
J. Derek Kearl (10738)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile (801) 799-5700
gmsaylin@hollandhart.com
jdkearl@hollandhart.com

*Attorneys for Plaintiff International Bridge, Inc.*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

**IN THE FOURTH JUDICIAL DISTRICT COURT**
**UTAH COUNTY, STATE OF UTAH**

| | |
|---|---|
| INTERNATIONAL BRIDGE, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIP PARCEL, LLC, a Pennsylvania limited liability company; DAVID S. BOGATIN, an individual; SNEZHANA BOGATIN, an individual; and DOES 1 through 10 inclusive,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. _______________<br><br>Judge: __________________<br><br>Tier: 3 |

Plaintiff International Bridge, Inc., by and through its undersigned counsel of record, hereby complains and alleges as follows:

**PARTIES**

1. Plaintiff International Bridge, Inc. ("International Bridge" or "Plaintiff") is a corporation organized and existing under and by virtue of the laws of the State of Utah with its principal place of business at 5152 N. Edgewood Dr., Suite 250, Provo, UT 84604.

2. International Bridge is informed and believes and thereon alleges that Defendant VIP Parcel, LLC ("VIP"), is a limited liability company, existing under the laws of the state of Pennsylvania, with its principal place of business located at 111 Buck Road, Suite 1100, Huntingdon Valley, Pennsylvania 19006.

3. International Bridge is informed and believes and thereon alleges that Defendant David S. Bogatin is an individual who resides at 115 Red Lion Rd., Huntingdon Valley, PA 19006.

4. International Bridge is informed and believes and thereon alleges that Defendant Snezhana Bogatin is an individual who resides at 115 Red Lion Rd., Huntingdon Valley, PA 19006, and is President of VIP.

5. At all times mentioned herein, each of the Defendants named in the caption of this Complaint, which is hereby incorporated herein by this reference as though set forth in full, was and is the agent, servant and employee of each of the other Defendants, and all of the things alleged to have been done by said Defendants were done in the capacity, scope and course of said agency, servitude and employment.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1 through 10, inclusive, are unknown to International Bridge, who therefore sues said Defendants by such fictitious names. International Bridge is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitious named Defendant is in some manner responsible for the events and occurrences herein referred to, each contractually or tortuously, and caused the damage to the International Bridge as herein alleged. When International Bridge ascertains the true names and capacities of Does 1 through 10, inclusive, it will amend this Complaint accordingly.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under Utah Code Ann. § 78A-5-102(2) (original jurisdiction in all matters civil and criminal).

8. This Court has personal jurisdiction over VIP under Utah Code Ann. § 78B-3-205 because VIP contracted with a Utah company providing services in Utah, VIP caused injury in Utah, and pursuant to section 11 of the Service Agreement (discussed in further detail below), VIP consented to the exclusive jurisdiction of the state or federal courts located in Utah.

9. Venue is proper in this district pursuant to Utah Code Ann. § 78B-3-304 and § 78B-3-307(1) and pursuant to section 11 of the parties' Agreement.

10. Because this Complaint seeks over $300,000 in damages, this action qualifies for Tier 3 discovery pursuant to Rule 26(c)(3) of the Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

11. On or about October 17, 2019, Defendant VIP entered into a written Service Agreement (the "Agreement") with International Bridge by which International Bridge agreed to provide shipping services to VIP in accordance with the terms, conditions, and rates set forth in the Agreement. The term of the Agreement was for a period commencing on October 1, 2019, and continuing for three (3) years (the "Shipping Term"). The Shipping Term was to automatically renew each year as long as VIP was in good standing with International Bridge's terms and conditions and as long as VIP met or exceeded the minimum volume of parcels per month.

12. Pursuant to the terms and conditions of the Agreement, Defendants agreed to pay International Bridge for shipping services provided by International Bridge. As set forth in section 6.1 of the Agreement, Defendants agreed to transmit payments to International Bridge by making

deposits to an ACH account set up through International Bridge's website. International Bridge would draw funds directly from VIP's ACH account to cover the previous day's shipping expenses.

13. Pursuant to section 6.2 of the Agreement, in the event the payment was delinquent, International Bridge would notify VIP and VIP would have two (2) calendar days to remedy the delinquent payment. If the delinquency was not remedied, all amounts not paid within two (2) calendar days of the due date would thereafter bear interest at the rate of 1.5% per month (or the highest rate permitted under applicable law, whichever was lower) from the date for a minimum of one (1) month and would continue until paid, which interest would be added to the unpaid amounts due and owing to International Bridge.

14. Pursuant to section 6.3 of the Agreement, if payments were not paid, International Bridge could, upon written notice to VIP, stop all shipping services for VIP.

15. Under section 11 of the Agreement, VIP and International Bridge agreed that the Agreement would be governed by the laws of the State of Utah without regard to conflict of law principles, and further consented to the exclusive jurisdiction and venue of the state or federal courts located in Utah.

16. In or about March 1, 2021, VIP became delinquent in timely paying the shipping invoices from International Bridge due under the Agreement. International Bridge timely notified VIP in writing of the delinquent payments. Notwithstanding the notification of the delinquent payments, VIP failed to timely cure the delinquencies, and thereafter interest accrued on the delinquent invoices.

17. Likewise, despite written notice, VIP also failed to pay the credit card charges due to International Bridge as a result of VIP's use of a credit card to pay International Bridge's invoices for the shipping charges under the Agreement.

18. Despite International Bridge's efforts to work with VIP on its delinquent account under the Agreement by preparing workout payment plans, VIP failed to bring itself current on its delinquencies under the Agreement.

19. Based on VIP's failure to keep itself in good standing under the Agreement as a result of its delinquencies under the Agreement, the Shipping Term did not renew after the first three (3) year period expired.

20. As of August 15, 2023, VIP has wholly failed, refused, and neglected to pay the delinquent payments due International Bridge under the Agreement as well as the accrued interest and credit card charges.

21. International Bridge has duly notified VIP and other Defendants of the delinquent payments, credit card charges, and accrued interest but Defendants have failed and refused to pay all amounts due under the Agreement.

22. As of August 15, 2023, there is now due, owing, and unpaid in accordance with the terms and conditions of the Agreement, the total sum of Six Hundred Ninety-Four Thousand Nine Hundred Seven Dollars and Sixty-Seven Cents ($694,907.67), plus interest accruing thereon from August 15, 2023, at the rate of 1.5% per month, as set forth in section 6.2 of the Agreement.

23. Pursuant to the terms of the Agreement, Defendants agreed to pay costs, expenses and attorneys' fees incurred by International Bridge for "any breach of [the] Agreement or nonperformance of any obligations imposed on it by [the] Agreement." *See* section 12 of the

Agreement. International Bridge has employed the law firms of Smith, Gambrell & Russell, LLP and Holland & Hart LLP, the latter licensed and practicing attorneys in the State of Utah, for the purpose of instituting and prosecuting this action, and Defendants are obligated to pay to International Bridge its reasonable attorneys' fees and costs incurred herein.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

24. International Bridge incorporates herein by this reference, and alleges in full, the allegations in the foregoing paragraphs as though fully set forth herein.

25. International Bridge and VIP are parties to the Agreement.

26. The Agreement is a valid, binding, and enforceable contract.

27. International Bridge has duly performed all of the obligations and conditions precedent required to be performed under the Agreement.

28. VIP has failed to pay the outstanding invoices when due and as required by the Agreement and therefore is in breach of the Agreement.

29. International Bridge has been damaged in the principal amount of $694,907.67, plus interest in the amount of 1.5% per month.

30. International Bridge is entitled to judgment against VIP in the principal amount owing $694,907.67, plus continuing pre- and post-judgment interest, and attorney's fees and costs incurred herein.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

In the event the Court does not find for International Bridge in all respects as to the foregoing breach of contract claim, International Bridge pleads the following cause of action in the alternative:

31. International Bridge incorporates herein by this reference, and alleges in full, the allegations in the foregoing paragraphs as though fully set forth herein.

32. International Bridge provided $694,907.67 in value to VIP, resulting in a substantial benefit to VIP and Defendants.

33. International Bridge provided the services to VIP based on VIP's representations it would compensate International Bridge for the services provided. VIP has failed to compensate International Bridge for its services.

34. As a result, it would be inequitable for VIP and Defendants to retain the benefits it received as a result of International Bridge's services provided.

35. As a result of VIP's and the other Defendants' unjust enrichment, International Bridge has been damaged in the principal amount $694,907.67, plus continuing pre- and post-judgment interest, and attorney's fees and costs incurred herein.

**THIRD CLAIM FOR RELIEF**
**(Alter Ego Liability/Piercing the Corporate Veil)**

36. International Bridge incorporates herein by this reference, and alleges in full, the allegations in the foregoing paragraphs as though fully set forth herein.

37. International Bridge believes and alleges that, at all times herein mentioned, David and Snezhana Bogatin dominated, influenced, and controlled VIP, as well as the business, property, and affairs of VIP.

38. Upon information and belief, there existed and now exists a unity of interest and ownership between the Bogatins and VIP, the individuality and separateness of which have ceased.

39. Upon information and belief, VIP was formed with inadequate capitalization for the business in which it was engaged.

40. Upon information and belief, VIP has failed to observe corporate formalities.

41. Upon information and belief, VIP has commingled funds.

42. By virtue of the foregoing, observance to the corporate form and of the separate existence of VIP and the Bogatins would, under the circumstances, sanction a fraud, promote injustice, and condone an inequitable result in that International Bridge would be unable to realize upon any judgment in its favor.

43. As the alter ego of VIP, the Bogatins are liable for VIP's obligations to International Bridge, including VIP's breach of contract and unjust enrichment.

44. International Bridge is entitled to a judgment finding that the Bogatins are the alter egos of VIP and vice versa.

## PRAYER FOR RELIEF

**WHEREFORE,** International Bridge prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

1. For general damages under the First, Second, and Third Causes of action in the exact amount to be proven at trial, but no less than $694,907.67, plus interest thereon at the rate of

1.5% per month from August 15, 2023, until paid in full, or until entry of judgment herein, plus post-judgment interest.

2. For a judgment that David and Snezhana Bogatin are the alter egos of VIP and vice versa, that VIP's corporate veil is pierced, and that David and Snezhana Bogatin are personally liable for the obligations of VIP.

3. For an award of attorneys' fees and costs incurred by International Bridge herein, under the parties' Agreement and as allowed by law; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 22nd day of August 2023.

HOLLAND & HART LLP

*/s/ J. Derek Kearl*
Gregory M. Saylin
J. Derek Kearl

*Attorneys for Plaintiff International Bridge, Inc.*

30360031