Greg M. Saylin (9648)
J. Derek Kearl (10738)
Sarah A. Hafen (16466)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
GMSaylin@hollandhart.com
JDKearl@hollandhart.com
SAHafen@hollandhart.com

*Attorneys for Plaintiff International Bridge, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| INTERNATIONAL BRIDGE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>VIP PARCEL, LLC, DAVID S. BOGATIN, SNEZHANA BOGATIN, and DOES 1 through 10, inclusive,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO DISMISS DEFENDANTS DAVID S. BOGATIN AND SNEZHANA BOGATIN FROM THE COMPLAINT**<br><br>Case No. 2:23-CV-00695-JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Plaintiff International Bridge, Inc. ("**Plaintiff**") respectfully submits this Motion for Leave to Amend Complaint to Dismiss Defendants David S. Bogatin and Snezhana Bogatin Without Prejudice from the Complaint (the "**Motion**").

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint (the **"Complaint"**) on or about August 22, 2023, in the Fourth Judicial District Court, Utah County, State of Utah against defendants VIP Parcel, LLC

(“**VIP”),** David S. Bogatin (**“Mr. Bogatin”)** and Snezhana Bogatin (**“Mrs. Bogatin”** and collectively with “VIP” and “Mr. Bogatin” referred to herein as the “**Defendants**”). The Complaint stated a cause of action for (1) Breach of Contract, (2) Unjust Enrichment and (3) Alter Ego Liability/Piercing the Corporate Veil, alleging that Mr. and Mr. Bogatin were alter egos of VIP and as such, that Mr. and Mrs. Bogatin were liable for VIP’s obligations to Plaintiff, including VIP’s breach of contract and unjust enrichment. A copy of the written service agreement (“**Agreement**”) among the parties was attached to the Complaint. Under Section 11 of the Agreement, VIP and Plaintiff agreed that the Agreement would be governed by the laws of the State of Utah without regard to conflict of law principles, and further consented to the exclusive jurisdiction and venue of the state or federal courts located in Utah.

On or about October 2, 2023, Defendants filed a Notice of Removal with this Court to remove the Complaint to the United States District Court for the District of Utah, Central Division. Thereafter, on October 13, 2023, the Defendants filed a partial Motion to Dismiss Plaintiff’s Complaint (“**Defendants’ Motion**”) [ECF No. 13.] as to Mr. and Mrs. Bogatin as to certain claims for relief in the Complaint. The Defendants’ Motion seeks the dismissal of the two individual defendants, Mr. and Mrs. Bogatin, on the grounds that the Court allegedly has no personal jurisdiction over them and further that the Complaint fails to adequately allege the alter ego status of Mr. Bogatin and Ms. Bogatin in connection with defendant, VIP. The Defendants’ Motion also seeks the dismissal of the second cause of action for Unjust Enrichment against all Defendants. As the Defendants are all represented by the same law firm, the Defendants’ Motion asserts that Defendant VIP will respond to the allegations in the

Complaint for breach of contract within 14 days after the resolution of the Defendants' Motion, unless the Court orders a different time. (Defendant's Motion, p. 2, footnote 1).

The deadline for Plaintiff to respond to Defendants' Motion was originally set for November 13, 2023. Fed. R. Civ. P. 6; DUCiv 7-1(a)(4)(A). The Parties stipulated to extend this deadline and filed a Stipulated Motion for Extension of Time to Respond to Motion to Dismiss on November 7, 2023 [ECF No. 18]. The Court entered an Order Granting the Stipulated Motion on November 13, 2023 [ECF No. 19], moving the deadline to December 4, 2023.

On or about November 30, 2023, Plaintiff approached Defendants with a proposal by which Plaintiff offered to stipulate to amend the Complaint to drop Mr. Bogatin and Ms. Bogatin from the Complaint, without prejudice to Plaintiff's ability to move the Court to amend the Complaint based on the results of Plaintiff's completion of discovery into the appropriateness of piercing the corporate veil and provided that the evidence establishes grounds for imposing individual liability on the Mr. and Mrs. Bogatin. (Declaration of Sarah A. Hafen ("Hafen Decl."), previously attached to Plaintiff's Memorandum in Opposition to Motion (the "Opposition"); [ECF No. 25]. A copy of the Hafen Decl., for the Court's convenience, is attached hereto as Exhibit "A." Pursuant to the discussion at that time between Plaintiff and Defendants' counsel, Plaintiff's counsel circulated a proposed Amended Complaint, to which Defense counsel consented on December 1, 2023. Subsequently, Plaintiff's counsel circulated a proposed stipulated motion for leave to amend.

On December 4, 2023, Defense counsel notified Plaintiff that Defendants did not consent to the proposed stipulated motion as drafted because Defendants did not believe there was any basis for veil piercing and/or alter ego discovery. (Hafen Decl., ¶ 3). Plaintiff agreed at that

point to provide Plaintiff with an additional week, from December 4 to December 11, to file its Opposition (the "Second Extension Stipulation"). On December 5, 2023 this Court granted the Second Extension Stipulation. [ECF No. 24.] (Hafen Decl., ¶ 3).

On December 11, 2023, Plaintiff filed its Opposition [ECF No. 25], in which it incorporated a request for leave to amend its Complaint to dismiss Mr. and Mrs. Bogatin as defendants, without prejudice. [ECF No. 25, p. 3]. On May 20, 2024, the Court, by docket text, ordered Plaintiff to file its motion for leave to amend separately by May 28, 2024, in accordance with this Court's local rules of practice.

By this Motion, Plaintiff hereby seeks leave of the Court to amend the Complaint to dismiss Mr. and Ms. Bogatin, without prejudice, and for an order that Plaintiff may seek discovery against VIP, Mr. and Mrs. Bogatin, and related companies as to the appropriateness of piercing the corporate veil for the purpose of moving to amend the Complaint to add Mr. and Ms. Bogatin back to the Complaint, if the evidence establishes a ground for imposing individual liability on them.

## STATEMENT OF FACTS

A. The Written Service Agreement between Plaintiff and VIP.

On or about October 17, 2019, Plaintiff and Defendant VIP entered into a written Service Agreement ("Agreement") by which Plaintiff agreed to provide shipping services to VIP. The Agreement was for a three (3) year term commencing October 1, 2019. (Complaint, ¶ 11).

Under the terms of the Agreement, VIP agreed to transmit payment to Plaintiff by making deposits in an ACH account set up through Plaintiff's website. Plaintiff would draw funds directly from Plaintiff's account to cover the previous day's shipping expenses.

(Complaint, ¶ 12). Under paragraph 11 of the Agreement, Plaintiff and VIP agreed that the Agreement would be governed by the laws of the State of Utah without regard to conflict of law principles, and further agreed to the exclusive jurisdiction and venue of the state or federal courts located in Utah. (Complaint, ¶ 15).

VIP became delinquent in its performance under the Agreement and on or about March 1, 2021, failed to timely cure the delinquencies despite notification of same. (Complaint, ¶ 16). Likewise, despite Plaintiff's efforts to do a workout with Mr. and Mrs. Bogatin and VIP for curing the delinquencies, they failed to bring the delinquent payments current. (Complaint, ¶ 18). As of August 15, 2023, VIP owed Plaintiff the total sum of $694,907.67 under the Agreement, plus accrued interest at the rate of 1.5% from August 15, 2023 in accordance with paragraph 6.2 of the Agreement. (Complaint, ¶ 22). The Agreement also provided for the payment of any costs, expenses and attorneys' fees incurred by Plaintiff as a result of VIP's nonperformance of any obligations imposed on it by the Agreement. (Complaint, ¶ 23).

B. The Alter Ego Allegations.

Ms. Bogatin is purportedly the sole member and President of VIP, of record. (Declaration of Snezhana Bogatin in Support of Notice of Removal, ¶ 2, which is attached as Exhibit 6 to Defendants' Motion). Plaintiff is informed and believes that Mr. Bogatin, likewise, is an undisclosed owner of VIP, but that based upon his past history of trouble, his name is not used in public filings. Other than Ms. Bogatin, Mr. Bogatin is the only other owner of VIP during the term of this Agreement and during the subsequent workout discussions. (Declaration of Shoshana Grove ("Grove Decl."), ¶ 3, previously attached to the Opposition, a true and correct copy of which is now attached hereto as Exhibit B to this Motion for the Court's convenience).

Plaintiff is informed and believes that at least during the period of time that VIP began falling delinquent on its account with Plaintiff, Mr. and Mrs. Bogatin were diverting funds from VIP for their own personal use, including to support the business expenses of at least two other businesses of Mr. and Mrs. Bogatin: Oil Divine, LLC and ExpressFromUs. (Grove Decl., ¶ 4). Mr. and Mrs. Bogatin were operating both Oil Divine, LLC and ExpressFromUs.Com out of the same business location as VIP, which is commonly known as 111 Buck Road, Unit 1100, Huntingdon Valley, PA 19006. (*See* Hafen Decl., ¶ 4; Exhibits 1, 2 and 3, which show the pertinent public records for these three companies, VIP, Oil Divine, LLC and ExpressFromUs.Com).

Plaintiff wishes to conduct discovery into the commingling of VIP's corporate assets with those of Mr. and Mrs. Bogatin's personal assets as well as the assets of their other businesses, including VIP, Oil Divine and ExpressFromUs.Com. This discovery will include the examination of the books and records of VIP, Oil Divine and ExpressFromUs.com as well as the subpoena of bank records, both personal and business, along with the depositions of Mr. and Mrs. Bogatin to obtain further information in support of the allegations that Mr. and Mrs. Bogatin are the alter egos of VIP and thus liable for the business debts of VIP, including the Agreement at issue in this action.

## ARGUMENT

### A. Plaintiff Should Be Given Leave to Amend its Complaint to Dismiss the Individual Defendants, Without Prejudice as to Plaintiff's Ability to Move the Court to Amend the Complaint upon Completion of Discovery into the Appropriateness of Piercing the Corporate Veil and For an Order Directing Alter Ego Discovery.

The filing of an amended complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Grant of leave to amend is within the discretion of the district court, and should be granted unless there is 'undue delay, bad faith, dilatory motive, prejudice, [or] futility.'" *Clientron Corp. v. Devon IT, Inc.,* Civil Action No. 13-05634, 2015 U.S. Dist. LEXIS 962 (E.D. Pa. Jan. 5, 2015) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed. 2d 77 (1971)). "Prejudice to the non-moving party 'is the touchstone for the denial of an amendment.'" *Id*. (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). "A party opposing an amendment 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely.'" *Id*., (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)).

DUCivR 15-1 provides that a party moving under Fed. R. Civ. P. 15(a)(2) for leave to amend a pleading must attach the following exhibits to the motion:

(1) The proposed amended pleading, and

(2) A redlined version of the proposed amended pleading comparing it with the pleading sought to be amended.

Plaintiff has attached hereto as Exhibit "C" the proposed First Amended Complaint and as Exhibit D, a redline version of the proposed First Amended Complaint comparing it with the Complaint, therefore satisfying the requirements of DUCivR 15-1.

This case is in the early litigation stages and thus there is no undue delay or prejudice to Plaintiff's request to amend the Complaint, particularly to drop the individuals, without prejudice to Plaintiff's ability to later move to amend the Complaint based on the results of Plaintiff's completion of discovery into the appropriateness of piercing the corporate veil and assuming the evidence establishes grounds for imposing individual liability on Mr. and Mrs. Bogatin.

Plaintiff was informed by Mr. Bogatin that the business at Oil Divine, LLC was really taking off with lots of revenue coming into the business. (Grove Decl., ¶4). Plaintiff believes that presently, VIP is no longer adequately capitalized to continue to conduct an ongoing business, particularly with Mr. and Mrs. Bogatin supporting their two competing businesses that were being run out of the same business location as VIP. It is a reasonable assumption that all three business were not being separately maintained and that Mr. and Mrs. Bogatin were using their control of VIP in an attempt to further their own personal interests and their separate business interests in the other companies owned and operated by Mr. and Mrs. Bogatin out of the same business space. (Grove Decl., ¶4). This reasonable inference can be made because the VIP principals consisted of no more than two individuals who owned and operated at least these two other businesses from the same business address as VIP. It is further a reasonable inference that at some point during the term of the Agreement, the separate nature of VIP changed, and Mr. and Mrs. Bogatin began operating VIP for their personal benefit, with no separation of identity.

Plaintiff acknowledges that its allegations in the Complaint as to Mr. and Mrs. Bogatin's alter ego status in relation to VIP present as too conclusory, yet as described above, there are valid reasonable inferences supporting these allegations that a fraud is being committed upon Plaintiff. Thus, Plaintiff is seeking the court's permission to amend the Complaint by dismissing the two individuals, Mr. and Mrs. Bogatin, but without prejudice, such that Plaintiff may be entitled to conduct limited discovery regarding these alter ego issues such as under capitalization, failure to adhere to corporate formalities, and siphoning of funds in order to present more detailed factual allegations on the alter-ego theory.

For support, Plaintiff cites to the case of *Clientron Corp.* case cited above.[1] In *Clientron*, after dismissing, without prejudice, the alter-ego claims against a defendant who was an individual officer of the corporate defendant, the Court ordered the parties to engage in discovery on this issue so Plaintiff could amend its complaint with "more detailed factual allegations on the alter-ego theory against Bennett individually." Discovery on alter ego was undertaken by Clientron and when Clientron moved to file a Second Amended Complaint adding Bennett, among others, under a corporate veil-piercing theory, the motion was granted over defendants' objections. The *Clientron* Court found that Clientron' s proposed amendment was not futile and that Clientron had pleaded "factual content" that allowed the court "to draw the reasonable inference" that a number of factors regarding piercing the corporate veil were

[1] Defendants' Motion to Dismiss used Pennsylvania law to review alter ego issues based on the underlying premise that the laws of the state or other jurisdiction under which a foreign company is organized govern its organization and internal affairs and the liability of its managers, members, and assignees of its members. *Wasatch Oil & Gas, LLC v. Edward A. Reott,* 682 Utah Adv. Rep. 50, 2011 UT App 152, which cites to Utah Code Ann. § 48-2c-1601(1) and to *Atherton v. FDIC,* 519 U.S. 213, 224, 117 S.Ct. 666, 136 L. Ed. 2d 656 (1997) ("States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care."). Plaintiff is not in disagreement with Defendants' use of Pennsylvania law for the purpose of determining whether alter ego allegations are adequate for pleading purposes or are too conclusory.

present thus granting the Motion to Amend. *Id.*, at *9.

In line with the ruling by *Clientron,* this Court is empowered to let Plaintiff seek discovery into the appropriateness of piercing the corporate veil in order to satisfactorily amend its Complaint to add Mr. and Mrs. Bogatin, notwithstanding Plaintiff's initial conclusory allegations of alter ego. Thus, the Court may enter an Order amending the Complaint to voluntarily drop Mr. and Mrs. Bogatin as Defendants, without prejudice to filing a subsequent motion to amend on the above-stated grounds.

B. Based on VIP's Stipulation as to Jurisdiction and Venue in the Agreement, the Court Would Likewise Have Personal Jurisdiction over the Defendants as Alter Egos of VIP.

Separate and apart from Defendants' argument that Plaintiff has failed to adequately plead a claim for piercing the corporate veil, Defendants argue that the Court has no personal jurisdiction over Mr. and Mrs. Bogatin. Plaintiff contends that if Mr. and Mrs. Bogatin are found to be alter egos of VIP then the Court would likewise have jurisdiction against them under § 11 of the Agreement to which consent to jurisdiction was given. As alleged in paragraph 8 of the Complaint, the parties consented to Utah's state or federal courts having exclusive jurisdiction, without regard to conflict of law principles. This same consent to jurisdiction would apply to Mr. and Mrs. Bogatin as alter egos of VIP.

In *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc*., 428 F.3d 921, 926 (10th Cir. 2005), the Court found that the difference between a mandatory and permissive forum selection clause is that "'mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum.'" (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir. 1997)).

Here, the Agreement's forum selection clause did just that – it provided consent of the parties to the "exclusive jurisdiction and venue of the state or federal courts located in Utah." Thus, the Agreement is enforceable against VIP and its alter egos as to jurisdiction and venue. Defendants suggest that despite the allegations of alter ego as to Mr. and Mrs. Bogatin, Mr. and Mrs. Bogatin would not be able to take advantage of the stipulated consent to the exclusive personal jurisdiction to the Utah courts. Defendants have cited to no authority to the contrary on this issue.

## CONCLUSION

Based on the foregoing arguments, Plaintiff respectively requests that the Court grant Plaintiff's request for leave to amend the Complaint as to dismissal of Mr. and Mrs. Bogatin, without prejudice, and order that Plaintiff may seek discovery against VIP and Mr. and Mrs. Bogatin and their related companies as to the appropriateness of piercing the corporate veil for the purpose of moving to amend its Complaint to add Mr. and Mrs. Bogatin back to the Complaint, if the evidence establishes a ground for imposing individual liability on them.

DATED this 28th day of May, 2024.

*/s/ Sarah A. Hafen*
Greg M. Saylin
Sarah A. Hafen
HOLLAND & HART LLP
*Attorneys for Plaintiff*

**CERTIFICATE OF WORD COUNT**

I, Sarah A. Hafen, certify that this Motion for Leave to Amend Complaint to Dismiss Defendants Davis S. Bogatin and Snezhana Bogatin from the Complaint contains 3,098 words and complies with DUCivR 7-1(a)(4).

*/s/ Sarah A. Hafen*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2024, I caused a true and correct copy of the foregoing to be filed electronically with the Court via the Court's electronic efiling system, CM/ECF, which sent notification of such filing to all counsel of record.

*/s/ Tish Howell*