# EXHIBIT B

Declaration of Shoshana Grove

I, Shoshana Grove, declare as follows:

1. I am an officer, to wit: Chief Executive Officer of International Bridge, Inc., a Utah corporation, the plaintiff named in the above-entitled action ("Plaintiff"), and I am authorized to make this declaration on its behalf.

2. In my capacity as Chief Executive Officer for Plaintiff, I am familiar with all of Plaintiff's business records relating to the outstanding indebtedness owed by VIP Parcel. LLC ("VIP") and by its owners, David S. Bogatin ("Mr. Bogatin") and Snezhana Bogatin ("Ms. Bogatin" and jointly with Mr. Bogatin referred to herein as the "Bogatins").

3. Plaintiff began doing business with VIP and the Bogatins in 2019. While Ms. Bogatin is purportedly the sole owner of record of VIP, we are informed and believe that Mr. Bogatin is an undisclosed owner but based on his past history of trouble, his name is not used in public filings. Other than Ms. Bogatin, Mr. Bogatin has been the only other owner of VIP during the term of the agreement that is at issue in this lawsuit (the "Agreement").

4. During the period of time that VIP began falling delinquent on the account with Plaintiff, the Plaintiff believes that the Bogatins were diverting funds from VIP for their own personal use, including to support the business expenses of at least two of the Bogatins' other business ventures: Oil Divine, LLC and ExpressFromUs.Com. The Bogatins were operating both Oil Divine, LLC and ExpressFromUs.Com out of the same business locations as VIP, which is 111 Buck Road, Unit 1100, Huntingdon Valley, PA 19006. The Oil Divine, LLC business appears to be an on-line beauty supply retail business and ExpressFromUs.Com appears to be a freight transportation arrangement. Based upon Plaintiff's initial investigations, Plaintiff has been informed and believes that both Ms. Bogatin and Mr. Bogatin are owners of at least all three of these companies, VIP, Oil Divine, LLC, and ExpressFromUs.Com. At or about the time that payments on the VIP account with Plaintiff were not being made, Plaintiff was informed by Mr. Bogatin that the business at Oil Divine, LLC was really taking off and that lots of revenue

was coming into the business. Plaintiff believes that VIP was not adequately capitalized at this point in time and that all three of the businesses were not being separately maintained and that the Bogatins were using their control of VIP in an attempt to further their own personal interests and their separate business interests in these other companies owned and operated by the Bogatins. The VIP principals, staff, and business address from which the companies were all operating were the same and the Plaintiff believes it is a reasonable inference that at some point during the terms of the Plaintiff's Agreement with VIP, the separate nature of VIP changed and the Bogatins began operating VIP for their personal benefit, with no separation of identify and that Plaintiff should be able to conduct at least limited initial discovery regarding these reasonable inferences as to the alter ego issues.

I hereby declare under penalty of perjury under the laws of the State of Utah and of the United States as to the best if my knowledge.

Executed this 11th day of December, 2023 at Washington, D.C.

Shoshana Grove