IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INTERNATIONAL BRIDGE, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VIP PARCEL, LLC, DAVID S. BOGATIN,<br>SNEZHANA BOGATIN, and DOES 1<br>through 10, inclusive,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:23-CV-00695-JNP-DAO<br><br>District Judge Jill N. Parrish |

On October 13, 2023, Defendants filed a motion to dismiss Plaintiff's complaint in part. ECF No. 13. Defendants requested that the court dismiss Defendants David S. Bogatin and Snezhana Bogatin for lack of personal jurisdiction and two of the claims against Defendant VIP Parcel, LLC, for failure to state a claim upon which relief may be granted. Plaintiff International Bridge, Inc., later filed a motion seeking leave to amend its complaint to dismiss the Bogatins as defendants without prejudice and for an order permitting discovery as to the appropriateness of asserting alter ego claims against the Bogatins. For the reasons stated herein, Defendants' motion to dismiss and International Bridge's motion for leave to amend are both GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

International Bridge is a Utah corporation with a principal place of business in Provo, Utah. ECF No. 1-1 ("Compl.") ¶ 1. Defendant VIP Parcel, LLC, is a Pennsylvania limited liability company with a principal place of business in Huntingdon Valley, Pennsylvania. *Id.* ¶ 2.

Defendants David S. Bogatin and Snezhana Bogatin are individuals who reside in Huntington Valley, Pennsylvania. *Id.* ¶ 3. Mrs. Bogatin is the president of VIP. *Id.* ¶ 4.

Around October 17, 2019, VIP and International Bridge entered into a contract under which International Bridge was to provide shipping services to VIP at an agreed-upon rate (the "Agreement"). Compl. ¶ 11. VIP agreed to make deposits to an ACH account from which International Bridge would draw funds to pay for shipping expenses. *Id.* ¶ 12. If VIP missed a payment, the Agreement required International Bridge to notify VIP of its delinquency and to give VIP two calendar days to make the late payment. *Id.* ¶ 13. After two days had passed, however, the amount owed would begin to accrue interest at a rate of 1.5% per month for a minimum of one month. *Id.* Moreover, if VIP continued to fail to pay its obligations, International Bridge "could, upon written notice to VIP, stop all shipping services for VIP." *Id.* ¶ 14.

Around March 1, 2021, VIP became delinquent in paying International Bridge's invoices. Compl. ¶ 16. International Bridge notified VIP of its missed payment or payments. *Id.* VIP failed to cure its delinquency within two days and therefore began to accrue interest on the amount owed. *Id.* As a result, and "[b]ased on VIP's failure to keep itself in good standing under the Agreement[,]" International Bridge did not renew the Agreement when its original three-year period expired. *Id.* ¶ 19.

VIP has not paid its delinquent invoices or the interest and other charges associated with them. Compl. ¶ 20. In sum, International Bridge alleges that VIP owed International Bridge $694,907.67 as of August 15, 2023 and that interest has continued to accrue since that time. *Id.* ¶ 22. International Bridge also alleges that in the Agreement, VIP "agreed to pay costs, expenses and attorneys' fees incurred . . . for 'any breach of [the] Agreement or nonperformance of any obligations imposed on it by [the] Agreement.'" *Id.* ¶ 23.

International Bridge filed a complaint against VIP and the Bogatins in state court in August 2023. Compl. at 10. Defendants then removed the case to this court. ECF No. 1. A couple months later in October, Defendants filed a motion to dismiss the complaint, arguing that the court lacked personal jurisdiction over the Bogatins and that International Bridge failed to state a claim for unjust enrichment or for alter ego liability. ECF No. 13. In its memorandum responding to Defendants' motion, International Bridge requested leave to amend its complaint to dismiss the Bogatins as defendants. ECF No. 25, at 3. The court subsequently ordered International Bridge to file its motion for leave to amend separately as required by local rule 7-1(a)(3). ECF No. 31. International Bridge filed a motion for leave to amend in May 2024. ECF No. 32.

## ANALYSIS

Two motions are pending before the court. The first is a motion to dismiss filed by Defendants requesting the dismissal of the Bogatins for lack of personal jurisdiction and the dismissal of International Bridge's claims for alter ego liability and unjust enrichment. ECF No. 13, at 6. The second is a motion filed by International Bridge requesting leave to amend its complaint to dismiss the Bogatins as defendants without prejudice. ECF No. 32. International Bridge's motion also requests an order permitting discovery as to the appropriateness of piercing the corporate veil for the purpose of reasserting claims against the Bogatins based on alter ego liability. *Id.* For the reasons stated herein, both motions are granted in part and denied in part.

### I.     MOTION FOR LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, International Bridge may amend its complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing

party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

International Bridge requests leave to amend its complaint to dismiss the Bogatins as defendants without prejudice. ECF No. 32. Defendants do not oppose this portion of International Bridge's motion. ECF No. 34, at 4. Based on the parties' agreement, International Bridge may amend its complaint pursuant to Rule 15(a)(2). International Bridge's motion for leave to amend its complaint is therefore granted to the extent that the motion requests leave to dismiss the Bogatins as defendants without prejudice.[1]

## II.    MOTION FOR AN ORDER PERMITTING DISCOVERY AS TO THE APPROPRIATENESS OF ALTER EGO CLAIMS

In addition to requesting leave to amend its complaint to dismiss the Bogatins as defendants without prejudice, International Bridge's motion requests an "order that Plaintiff may seek discovery against VIP and Mr. and Mrs. Bogatin and their related companies as to the appropriateness of piercing the corporate veil for the purpose of moving to amend its Complaint to add Mr. and Mrs. Bogatin back to the Complaint, if the evidence establishes a ground for imposing individual liability on them." *Id.* at 11. The court declines to issue such an order for two reasons.

First, local rule 37-1 requires parties to make reasonable efforts to resolve most discovery disputes before seeking court assistance.[2] *See* DUCivR 37-1(a)(1); Fed R. Civ. P. 37(a)(1). "If the

---

[1] If discovery reveals facts under which International Bridge may assert claims against the Bogatins under a theory of alter ego liability, International Bridge will have the opportunity to file a renewed motion for leave to amend. At that time, the court will determine whether leave to amend should be granted under the standard articulated above.

[2] "At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure or request[s] at issue, the response[s], and specifying why those responses or objections are inadequate; and (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times." DUCivR 37-1(a)(2)(A)–(B).

discovery disputes remain after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) *must file a Short Form Discovery Motion*" accompanied by a certification that the movant made reasonable efforts to resolve the discovery dispute. DUCivR 37-1(b)(1), (b)(2)(A). Additionally, subsection (b)(2)(C) states that any discovery motion must be filed "no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause." DUCivR 37-1(b)(2)(C). "[F]ailure to meet these deadlines may result in automatic denial of the motion." *Id.*

International Bridge has not satisfied the foregoing obligations and is therefore not entitled to court assistance in resolving this discovery dispute. International Bridge's motion acknowledges that the parties dispute the appropriateness of discovery into alter ego liability. *See* ECF No. 32, at 3–4 ("Defense counsel notified Plaintiff that Defendants did not consent . . . because Defendants did not believe there was any basis for veil piercing and/or alter ego discovery."). Yet International Bridge has not shown that it made reasonable efforts to meet and confer with Defendants over this issue. Moreover, International Bridge has not filed a short form discovery motion including the certification required by local rule 37-1(b)(2)(A). DUCivR 37-1(b)(2)(A). The court therefore denies International Bridge's request for an order as to the appropriateness of discovery on potential alter ego liability for failure to comply with local rule 37-1.

Second, even if International Bridge satisfied its obligations under DUCivR 37-1, the order that International Bridge requests would not resolve the dispute over discovery into potential alter ego liability. International Bridge asks the court to issue an order permitting it to seek three types of discovery: 1) "the examination of the books and records of VIP, Oil Divine and ExpressFromUs.com"; 2) "the subpoena of bank records, both personal and business"; and 3) "the

depositions of Mr. and Mrs. Bogatin." ECF No. 32, at 6. In order to obtain such discovery materials, International Bridge would be required to serve a request for the production of documents, *see* FED. R. CIV. P. 34(a)–(b), issue a subpoena, *see* FED. R. CIV. P. 45(a), and provide every party with reasonable written notice of deposition, *see* FED. R. CIV. P. 30(b)(1). Yet International Bridge has not shown that it satisfied Rule 30(b)'s notice requirement, served a request for the production of documents under Rule 34(b), or requested a subpoena from the clerk in accordance with Rule 45(a)(3). International Bridge thus seeks an order advising it as to the appropriateness of potential future actions that it may or may not take in discovery. In this sense, International Bridge requests an impermissible advisory opinion because the court's order would have no real effect on the parties' rights or their dispute more generally.[3] The court therefore denies the portion of International Bridge's motion that requests an order permitting it to engage in potential future discovery. As litigation continues, International Bridge can avoid this issue by issuing appropriate discovery requests and resolving ongoing discovery disputes under the procedure set out in Rules 30, 34, and 45 of the Federal Rules of Civil Procedure as well as local rule 37-1.

### III.    MOTION TO DISMISS

The second motion before the court is Defendants' motion to dismiss all of International Bridge's claims except for its breach of contract claim against VIP. ECF No. 13. Defendants' motion to dismiss raises three issues: A) the court's personal jurisdiction over the Bogatins; B)

---

[3] Several courts have declined to grant requests for approval of potential future discovery requests, finding that such orders would constitute advisory opinions beyond the powers of an Article III court. *See, e.g.*, *Novelty, Inc. v. Mountain View Mktg.*, No. 1:07-CV-01229-SEB-JMS, 2009 U.S. Dist. LEXIS 153600, at *7 (S.D. Ind. Oct. 15, 2009) (denying a motion to compel discovery based in part on the fact that the party "impermissibly seeks an advisory opinion about the appropriateness of hypothetical discovery requests that have not been provided to the Court"); *Bessemer Sys. Fed. Credit Union v. Fiserv Sols., LLC*, No. 2:19-CV-00624-RJC, 2023 U.S. Dist. LEXIS 184232, at *9 (W.D. Pa. Oct. 13, 2023) (declining to "wade into the question of the appropriateness of the discovery" that the parties proposed in briefing a separate motion).

International Bridge's request for a judgment finding that the Bogatins are the alter egos of International Bridge and vice versa; and C) International Bridge's unjust enrichment claim.

## A. DEFENDANTS' MOTION TO DISMISS THE BOGATINS FOR LACK OF PERSONAL JURISDICTION IS DENIED AS MOOT

Defendants argue that the court must dismiss International Bridge's claims against the Bogatins for lack of personal jurisdiction. ECF No. 13, at 12–18. As stated above, International Bridge is granted leave to amend its complaint to dismiss the claims against the Bogatins without prejudice. If International Bridge later seeks leave to amend its complaint to add the Bogatins back into the case, Defendants will have the opportunity to challenge the court's personal jurisdiction over the Bogatins. At this stage, however, the court denies Defendants' motion to dismiss International Bridge's claims against the Bogatins as moot because International Bridge is granted leave to amend to dismiss the Bogatins as defendants without prejudice.

## B. THE PARTIES AGREE THAT INTERNATIONAL BRIDGE'S ALTER EGO CLAIM SHOULD BE DISMISSED WITHOUT PREJUDICE

Defendants next argue that International Bridge failed to allege facts sufficient to pierce VIP's corporate veil and that International Bridge's third claim for relief—which requests a judgment finding that the Bogatins are VIP's alter egos—must therefore be dismissed. International Bridge admits that its complaint contained "conclusory allegations of alter ego." ECF No. 25, at 10. Consistent with that position, International Bridge does not oppose the dismissal of its third claim. Instead, it merely requests that it be permitted leave to amend to assert claims against the Bogatins if discovery reveals facts supporting the Bogatins' liability under an alter ego theory. *Id.* Based on the parties' apparent agreement, the court therefore grants Defendants' motion to dismiss International Bridge's third claim for relief without prejudice. If discovery reveals facts

7

supporting alter ego liability at a later point, International Bridge will have the opportunity to again

move for leave to amend and to explain the basis for adding this claim back into its complaint.

### C.  INTERNATIONAL BRIDGE'S UNJUST ENRICHMENT CLAIM IS NOT BARRED BY THE PARTIES' AGREEMENT

The final section of Defendants' motion argues that International Bridge failed to state a

claim for unjust enrichment under Utah law.[4] In particular, Defendants argue that because

International Bridge may pursue a remedy at law under the parties' alleged Agreement, Utah law

provides International Bridge no access to the equitable remedy of an unjust enrichment claim.

ECF No. 13, at 21–22. The court is unpersuaded by Defendants' argument.

A claim is subject to dismissal if the movant shows that the plaintiff failed to "state a claim

upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion,

however, "[a]ll well-pleaded factual allegations in the complaint are accepted as true and viewed

in the light most favorable to the nonmoving party." *GFF Corp. v. Assoc. Wholesale Grocers*, 130

F.3d 1381, 1384 (10th Cir. 1997) (citation omitted). "A 12(b)(6) motion should not be granted

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Davis-Warren Auctioneers, J.V. v. FDIC*, 215 F.3d 1159, 1161

(10th Cir. 2000) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236

(10th Cir. 1999)).

A court "should not dismiss alternative equitable claims" if a contract's "existence or

applicability . . . remain in dispute." *AGTC, Inc. v. CoBon Energy, LLC*, 447 P.3d 123, 130 (internal

quotation marks omitted), *cert. denied*, 456 P.3d 388 (Utah 2019). Currently, neither party disputes

---

[4] Defendants' first argument for the dismissal of International Bridge's unjust enrichment claim is that International Bridge failed to allege a benefit that it conferred upon the Bogatins individually and that as a result, the court should dismiss this claim against the Bogatins. As discussed above, International Bridge is granted leave to amend to dismiss the Bogatins as defendants without prejudice. Defendants' argument that International Bridge failed to plead a benefit conferred upon those parties is therefore moot.

the Agreement's validity. Defendants, however, have not yet filed an answer to the complaint. When they do, they may or may not decide to raise affirmative defenses to the Agreement's existence or enforceability. At a later point in litigation, if a factual record exists upon which the court may determine that the Agreement is enforceable between the parties as a matter of law, International Bridge's unjust enrichment claim may well be subject to dismissal. *See Ashby v. Ashby*, 227 P.3d 246, 250 ("[A] prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue."). But it would be premature to dismiss International Bridge's unjust enrichment claim before that point solely because International Bridge has alleged that the parties are bound by the Agreement. The court therefore denies Defendants' Rule 12(b)(6) motion to dismiss International Bridge's unjust enrichment claim.

## CONCLUSION AND ORDER

For the reasons stated herein, International Bridge's motion for leave to amend and Defendants' motion to dismiss are both granted in part and denied in part. Specifically:

1. International Bridge's motion for leave to amend (ECF No. 32) is GRANTED IN PART to the extent that International Bridge requests leave to amend its complaint to dismiss David S. Bogatin and Snezhana Bogatin as defendants without prejudice.

2. International Bridge shall file its amended complaint within one week of the date upon which this order is issued.

3. International Bridge's motion for leave to amend (ECF No. 32) is DENIED IN PART to the extent that the motion requests an order "that Plaintiff may seek discovery against VIP," the Bogatins, and related companies "as to the appropriateness of piercing the corporate veil."

9

4. Defendants' motion to dismiss (ECF No. 13) is DENIED IN PART as moot to the extent that it requests the dismissal of David S. Bogatin and Snezhana Bogatin as defendants for lack of personal jurisdiction.

5. Defendants' motion to dismiss (ECF No. 13) is DENIED IN PART to the extent that it requests the dismissal of International Bridge's unjust enrichment claim.

6. Defendants' motion to dismiss (ECF No. 13) is GRANTED IN PART without prejudice to the extent that it requests the dismissal of International Bridge's claim for relief on an alter ego theory of liability.

Signed September 30, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge